UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES O. WRIGHT JR.,

              Plaintiff,

   v.

E.M. HENDRICHSEN, et al,

              Defendants.

Case No. 3:17-cv-05961-RBL-TLF

ORDER DENYING PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL

This matter comes before the Court on plaintiff's motion for court-appointed counsel. Dkt. 9. Having carefully considered that motion and balance of the record, the Court finds it should be denied.

There is no constitutional right to have counsel appointed in a 42 U.S.C. § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328,

ORDER DENYING PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL - 1

1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff appears to be requesting appointment of counsel on the basis that he has been unable to obtain private counsel. Dkt. 9, p. 2. The fact that plaintiff cannot obtain private counsel, or cannot afford such counsel, is not the type of exceptional circumstance that might warrant appointment of counsel at government expense. Rather, it is the type of condition of confinement that all inmates who file civil rights complaints in general face. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1998). Nor has plaintiff demonstrated a likelihood of success, or demonstrated the issues in this case are necessarily complex or that he has an inadequate ability to articulate the factual basis of his claims.

Accordingly, plaintiff's motion for court-appointed counsel (Dkt. 9) is DENIED**.** The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

Dated this 5th day of January, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge