UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES O WRIGHT JR,<br><br>                Plaintiff,<br>  v.<br>E M HENDRICHSEN,<br><br>                Defendants. | Case No. C17-5961-RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **June 28, 2019** |

This matter has been referred to the undersigned Magistrate Judge and is before the Court on the filing of a motion for summary judgment by defendants John Snaza and Andrew Toynbee. Dkt. 74; *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends the Court grant defendants' motion and dismiss plaintiff's claims against defendants John Snaza and Andrew Toynbee.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff is currently an inmate at the Coyote Ridge Corrections Center. Dkt. 4, Complaint, at 3; Dkt. 86. Plaintiff alleges on May 18, 2014, he was arrested in the City of Olympia by officers of the Olympia Police Department, namely, defendants E.M. Hendrickson, Sgt. Dan Smith, D. Duncan, J. Hazen, R. Donald, and J. Watkins, and was taken to Thurston County Jail. Dkt. 4, at 14, 19. Plaintiff states that after being "booked" at the jail "on a bogus, manufactured charge of assault 3 on a police officer", plaintiff alleges "the sheriffs" denied him access to the telephone for over "85 hours." *Id.*, at 19. According to the Complaint, the

REPORT AND RECOMMENDATION - 1

1  authorities chose to ignore and refused him medical assistance, including for an open wound on
2  his head, but that his injuries were ultimately examined after "more than 80 hours." *Id.* at 19-21.
3  Plaintiff alleges he was subsequently able to call his brother, posted bail, and was released from
4  custody on May 21, 2014. *Id.*

5  Plaintiff went to trial on a charge of third degree assault in the Thurston County Superior
6  Court, and was found not guilty by a jury on June 2, 2015. *Id.*, at 22, 35. Due to defendants'
7  actions, plaintiff states he suffered extreme trauma and mental distress, resulting in the eventual
8  loss of his home and business and he became homeless. *Id.*, at 21-22. Plaintiff's complaint
9  asserts claims of excessive use of force, false arrest and unlawful imprisonment related to the
10 events surrounding his arrest in the City of Olympia and his detention at Thurston County Jail.
11 *Id.* at 25-29.

12 Plaintiff also asserts defendant J. Andrew Toynbee, a Thurston County deputy
13 prosecutor, conspired with the arresting officers in bringing false assault charges against him,
14 and thus plaintiff also asserts a claim of malicious prosecution. *Id.*, at 29-30. As a result, plaintiff
15 alleges his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated.
16 *Id.*, at 24. He seeks both injunctive relief and compensatory and punitive damages. *Id.*, at 31.

17 Defendants E.M. Hendrickson, Sgt. Dan Smith, D. Duncan, J. Hazen, R. Donald, J.
18 Watkins, Jason E. Barney, and Chief of Police for the City of Olympia Ronnie Roberts (the
19 "Olympia defendants") previously moved to dismiss plaintiff's claims against them. *See* Dkt. 12.
20 By order dated June 29, 2018, the Court granted that motion to dismiss as to defendants Barney
21 and Roberts entirely for lack of personal participation. Dkt. 30; Dkt. 34. The Court granted the
22 motion to dismiss with respect to the claims of excessive use of force, false arrest, and unlawful
23 imprisonment against the remaining Olympia defendants as barred by the statute of limitations.

1 *Id.* The Court denied defendants' motion to dismiss with respect to the malicious prosecution
2 claims against the remaining Olympia defendants. *Id.*
3   Defendants Snaza and Toynbee now move for summary judgment and to dismiss
4 plaintiff's claims against them. Dkt. 74. Defendant Snaza argues all claims against him should be
5 dismissed as barred by the statute of limitations or for lack of personal participation. *Id.*
6 Defendant Toynbee argues the claim against him for malicious prosecution should be dismissed
7 based on prosecutorial immunity. *Id.*

8                             DISCUSSION

9   Summary judgment is supported "if the pleadings, the discovery and disclosure materials
10 on file, and any affidavits show that there is no genuine issue as to any material fact and that the
11 movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure (FRCP)
12 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine dispute
13 of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute
14 concerning a material fact is presented when there is sufficient evidence for a reasonable jury to
15 return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253
16 (1986). A "material" fact is one which is "relevant to an element of a claim or defense and whose
17 existence might affect the outcome of the suit," and the materiality of which is "determined by
18 the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors*
19 *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).
20   When the Court considers a motion for summary judgment, "[t]he evidence of the non-
21 movant is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Id.*, at
22 255. Yet the Court is not allowed to weigh evidence or decide credibility. *Anderson*, at 255. If
23 the moving party meets their initial burden, an adverse party may not rest upon the mere
24 allegations or denials of his pleading; his or her response, by affidavits or as otherwise provided
25

1    in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP

2    56(e)(2). The Court may not disregard evidence solely based on its self-serving nature. *Nigro v.*

3    *Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015).

4    In response to the motion for summary judgment, the nonmoving party is required to

5    present specific facts, and cannot rely on conclusory allegations. *Hansen v. U.S.,* 7 F.3d 137, 138

6    (9th Cir. 1993). The court must determine whether the specific facts that are presented by the

7    non-moving party, considered along with undisputed context and background facts, would show

8    that a rational or reasonable jury might return a verdict in the non-moving party's favor based on

9    that evidence. *Emeldi v. University of Oregon,* 698 F.3d 715, 728-29 (9th Cir. 2012).

10    To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the conduct

11    complained of was committed by a person acting under color of state law, and (b) the conduct

12    deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

13    United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

14    *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

15    alleged wrong only if both of these elements are present. *See Haygood v. Younger*, 769 F.2d

16    1350, 1354 (9th Cir. 1985).

17    Under Section 1983, an inmate must show that each of the defendants was involved in

18    violating the Constitution; liability of an official will only be found if there is individual culpable

19    action or inaction. *Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019).

20    **A.    Defendant John Snaza**

21    Defendant Snaza, the Thurston County Sherriff, moves to dismiss the claims against him

22    for excessive use of force, false arrest and unlawful imprisonment as barred by the statute of

23    limitations and, alternatively, for lack of personal participation. Dkt. 74, at 4-7. He also moves to

24

25

REPORT AND RECOMMENDATION - 4

1  dismiss the claim of malicious prosecution for lack of personal participation. *Id.* Plaintiff does

2  not oppose defendants' motion as it pertains to defendant Snaza, and in fact concedes, that

3  defendant Snaza "should be released as to the claims of false imprisonment, false arrest,

4  kidnapping and malicious prosecution." Dkt. 82, at 8.

### 1. Statute of Limitations

Because Section 1983 does not have its own statute of limitations period, "the appropriate period is that of the forum state's statute of limitations for personal injury torts." *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *see also Felder v. Casey*, 487 U.S. 131, 140 (1988) ("[W]e have directed the lower federal courts in § 1983 cases to borrow the state-law limitations period for personal injury claims."). In Washington, the limitations period for personal injury torts is three years. *See Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989); *Robinson v. City of Seattle*, 119 Wash.2d 34, 86 (1992); RCW 4.16.080(2).

While state law "determines the *length* of the limitations period, federal law determines when a civil rights claim *accrues*." *Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (emphasis in the original). Under federal law, the date of accrual "is the date on which the statute of limitations begins to run," which is the date "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky*, 535 F.3d at 1048 (citations omitted). In other words, accrual occurs when there is "a complete and present cause of action," that is, when the plaintiff "can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Luandry and Dry Cleaning Pension Trust Fund v. Ferber Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

As the Court previously determined in its order granting in part the Olympia defendants' motion to dismiss, plaintiff's excessive force claim began to run on May 18, 2014, the day the

1  allegedly excessive use of force occurred. *See* Dkt. 30, at 7; Dkt. 34; *Cabrera v. City of*

2  *Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (excessive use of force claim accrued on the

3  date of the arrest, which was when the plaintiff knew or had reason to know of the injury).

4  Plaintiff, however, did not file his civil rights complaint until November 16, 2017, nearly six

5  months after the three year statute of limitations had already run on that claim. *See id.*; Dkt. 1.

6        As for plaintiff's false arrest and unlawful imprisonment claims, and again as the Court

7  previously found in its order granting in part the Olympia defendants' motion to dismiss,

8  although it is not exactly clear how plaintiff's bail and subsequent release from jail was

9  determined – e.g., through presentation before a magistrate or via other legal process – the

10 reasonable inference is that plaintiff was free, and continued to be free, from the allegedly

11 unlawful detention as early as May 21, 2014. *See* Dkt. 30, at 7-9; Dkt. 34. The statute of

12 limitations on plaintiff's false arrest and unlawful imprisonment claims thus began to run as of

13 that date. *See id.*; *Hawkins v. Douglas Cnty.*, 2016 WL 347684, at *4 (E.D. Wash. Jan. 28, 2016)

14 (finding that "the statute of limitations began to run on each false arrest count when [plaintiff]

15 was bound over by a magistrate and presumably released on bail; that is, when he was held

16 pursuant to legal process," and that "[a]lthough the precise dates this occurred after each arrest is

17 unclear on the face of the Complaint, [plaintiff's] release dates presumably occurred . . . shortly

18 after [each of his arrests]."). Given that plaintiff did not file his civil rights complaint until

19 November 16, 2017, nearly six months after the statute of limitations on those claims had run,

20 like his excessive use of force claim, plaintiff's claims for false arrest and unlawful

21 imprisonment are now barred as well. *See id.*

22       The Court notes that plaintiff does not dispute any part of defendants' motion with

23 respect to defendant Snaza, and in fact specifically concedes, that defendant Snaza "should be

24

25

released as to the claims of false imprisonment, false arrest, kidnapping and malicious prosecution." Dkt. 82, at 8. Accordingly, defendants' motion should be granted and the claims for excessive use of force, false arrest and unlawful imprisonment dismissed as barred by the statute of limitations.[1]

### 2. Personal Participation

To establish liability for a cause of action under Section 1983, a plaintiff must show the defendant, acting under color of state law, personally participated in the alleged deprivation of federal constitutional or statutory rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The plaintiff must allege the defendant, through his or her own individual actions, violated those rights. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis in the original) (citation omitted).

Plaintiff sets forth no facts to show defendant Snaza caused or personally participated in causing the harmed alleged, either stemming from plaintiff's arrest or the resulting prosecution and trial. Plaintiff sets forth no facts showing defendant Snaza – to the extent he acted at all – acted other than in his supervisory capacity. Dkt. 4. A supervising official may be liable, "only if either (1) he or she was personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists 'between the supervisor's wrongful conduct and the constitutional

---

[1] The Court notes that plaintiff also appears to find fault with the medical care he received at Thurston County Jail. Dkt. 4. However, plaintiff does not identify any individual defendants he alleges were responsible for this lack of medical care, nor does he allege sufficient facts to support a claim for deliberate indifference under the Eighth Amendment. Furthermore, to the extent plaintiff intended to raise a separate constitutional claim based upon his medical care, this claim would have accrued, at the latest, on May 21, 2014, and thus would also be barred by the statute of limitations.

1  violation.'" *Felarca v. Birgeneau*, 891 F.3d 809, 819-20 (9th Cir. May 31, 2018) (quoting *Starr*

2  *v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). The "requisite causal connection" can be

3  established by the official either by "setting in motion a series of acts by others, or by knowingly

4  refusing to terminate a series of acts by others, which the supervisor knew or reasonably should

5  have known would cause others to inflict a constitutional injury." *Id.* In other words, "[t]here is

6  no respondeat superior theory of liability under section 1983," and a state supervisory official

7  may not be held liable under section 1983, "merely for being present at the scene of a

8  constitutional violation or for being a member of the same operational unit as a wrongdoer." *Id.*

9  at 18-19.

10  Here, plaintiff does not even allege defendant Snaza was present at the time the alleged

11  harm occurred. *See* Dkt. 4. Rather, at most, plaintiff appears to have named defendant Snaza

12  because he was a part of, or in charge of, operations at the Thurston County Jail. *Id.* Such an

13  allegation, without more, is wholly insufficient to establish section 1983 liability. The Court

14  notes that plaintiff does not oppose this branch of the motion and, in fact, appears to concede he

15  no longer seeks to hold defendant Snaza liable in this matter. *See* Dkt. 82, at 3.

16  Accordingly, as plaintiff fails to raise a genuine issue of material fact in opposition to

17  defendants' motion, defendants' motion for summary judgment should be granted and the claim

18  of malicious prosecution dismissed against defendant Snaza for lack of personal participation.

19  **B.  Defendant Toynbee**

20  Defendants also move for summary judgment and dismissal of the malicious prosecution

21  claim against defendant Toynbee on the grounds that he is absolutely immune from liability. Dkt.

22  74, at 7.

In his complaint, plaintiff alleges Thurston County Deputy Prosecutor, defendant Andrew Toynbee, violated his constitutional rights, by bringing false criminal charges. Dkt. 4, at 4-5. Prosecutors, however, are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31); *see also Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 674, 678 (9th Cir. 1984) ("If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted.") (quoting *Imbler*, 424 U.S. at 430-31). Prosecutorial immunity applies, furthermore, "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman*, 793 F.2d at 1075 (quoting *Campbell v. Maine*, 787 F.2d 776, 778 (1st Cir.1986)). "Washington Courts closely follow federal constructs as they relate to absolute immunity" and under Washington state law "prosecuting attorneys, as quasi-judicial actors, are absolutely immune from liability for acts done in the performance of their official duties even if they act maliciously or willfully." *Schmitt v. Langenour*, 162 Wash.App. 397, 407 (2011).

Although plaintiff alleges in his complaint that defendant Toynbee brought false charges against him, he has neither alleged nor shown that defendant Toynbee did so outside his quasi-judicial capacity as a prosecutor (i.e., as an "advocate 'in initiating a prosecution and in presenting the State's case'"). *Ybarra*, 723 F.2d at 678 (quoting *Imbler*, 424 U.S. at 430-31). Defendants also present statements from defendant Toynbee in support of their motion wherein he acknowledges plaintiff maintained his innocence of the alleged assault throughout the case but indicates he proceeded with the case because he "believed sufficient admissible evidence

existed which, when considered with the most plausible, reasonably foreseeable defense that could be raised under the evidence, would justify a conviction by a reasonable and objective fact finder." Dkt. 75-1, at 2.

Plaintiff asserts that defendant Toynbee conspired or "partnered" with the Olympia police officers to fabricate charges against him. Dkt. 4, at 25. This is a conclusory and speculative assertion unsupported by facts or evidence and is not sufficient to raise a genuine issue of fact to preclude summary judgment. In response to the motion for summary judgment, the plaintiff is required to present specific facts, and cannot rely on conclusory allegations. *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993). Plaintiff also asserts that he informed defendant Toynbee that the arresting officers had "fabricated evidence" against him but that he had continued to prosecute the case anyway. Dkt. 82, at 6. Even accepting this allegation as true, the fact that plaintiff maintained his innocence to defendant Toynbee and offered a conflicting narrative of the events to that of the arresting officers neither establishes nor raises a question of fact regarding whether defendant Toynbee acted outside the scope of his quasi-judicial capacity as a prosecutor in pursuing the charges against the plaintiff.

Finally, the fact that the plaintiff was ultimately acquitted is insufficient on its own to demonstrate, or raise a question of fact as to whether, defendant Toynbee acted outside the scope of his duties as a prosecutor in prosecuting the plaintiff.[2]

Accordingly, defendants' motion for summary judgment should be granted and plaintiff's claim against defendant Toynbee dismissed.

---

[2] Plaintiff also asserts that defendant Toynbee chose to prosecute him because he was homeless, poor, and black. Dkt. 4, at 27. However, this assertion is also speculative and conclusory and unsupported by facts or evidence.

REPORT AND RECOMMENDATION - 10

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court grant defendants' motion for summary judgment (Dkt. 74) and dismiss plaintiff's claims against defendants Snaza and Toynbee with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **June 28, 2019**, as noted in the caption.

Dated this 7th day of June, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11