UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES O WRIGHT JR,

                         Plaintiff,

      v.

E M HENDRICHSEN,

                      Defendants.

Case No. C17-5961-RBL-TLF

REPORT AND
RECOMMENDATION

Noted for **June 28, 2019**

This matter is before the Court on the filing of a motion for summary judgment by defendants Ryan Donald, Jonathan Hazen, Eric Hendrichsen, Dan Smith, Dan Duncan, and Jason Watkins (Dkt. 65). The only claims remaining in this action against defendants Donald, Hazen, Hendrichsen, Smith, Duncan, and Watkins, are for malicious prosecution. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends the Court grant defendants' motion (Dkt. 65) and dismiss the remaining claims against these defendants.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff is currently an inmate at the Coyote Ridge Corrections Center. Dkt. 4, at 3. In his complaint, plaintiff states that on the night of May 18, 2014, he was sitting in a restaurant in the City of Olympia, having just finished a milkshake. *Id.*, at 7. He states that he paid for the milkshake with a $50 bill. *Id.*, at 7. After waiting a few minutes, plaintiff asked the waitress to whom he gave the $50 bill about his change. *Id.* In response, she told plaintiff she mistakenly

gave the money to another person who had left the restaurant. *Id.*

Plaintiff states the waitress informed him that if he wanted his change, he would have to chase after that person to get the money. *Id.* Plaintiff declined to do so, deciding instead to remain at the restaurant. *Id.* Plaintiff states the waitress became frustrated and told him that if he did not leave she would call the police. *Id.* After plaintiff indicated he would not leave until he got his change, the waitress called the police. *Id.*

Defendants Hendricksen and Hazen, both City of Olympia police officers, were the first to arrive at the restaurant. *Id.*, at 7, 10. Plaintiff states he explained to the officers what had happened, but they told plaintiff he would have to leave the restaurant or they would physically remove him from the restaurant and arrest him. *Id.*, at 10-13. This is then what they proceeded to do, injuring plaintiff's leg as they dragged him out of the restaurant. *Id.*, at 13.

Once outside, defendant Hendricksen and defendant Hazen were joined by defendants Smith, Donald, Watkins, and Duncan, all of whom are also City of Olympia police officers. *Id.*, at 13-14. Plaintiff states all six defendant police officers then used extreme excessive force to subdue him, causing additional physical injury to his face and head. *Id.*, at 14-15.

Plaintiff states that at no time during this encounter was he resistant or combative. *Id.*, at 16. At one point, plaintiff alleges one of the defendant police officers poked plaintiff's left foot with a sharp or pointed instrument, which caused plaintiff's leg to reflexively make contact with defendant Smith. *Id.*, at 17.

Plaintiff states the defendant police officers used this contact as a pretext as part of a common scheme to arrest him. *Id.*, at 18-19. They then "hogtied" plaintiff and threw him across the floor of a police patrol car, which caused additional injuries to his shoulders, wrists, face, and head. *Id.*

REPORT AND RECOMMENDATION - 2

Plaintiff alleges defendants Donald, Hazen, Hendrichsen, Smith, Duncan, and Watkins, colluded with defendant J. Andrew Toynbee, a Thurston County deputy prosecutor, in bringing false assault charges against him for allegedly kicking defendant Smith.[1] *Id.*, at 29-30. Plaintiff went to trial on a charge of third degree assault in the Thurston County Superior Court, and was found not guilty by a jury on June 2, 2015. *Id.*, at 22, 35. Due to defendants' actions, plaintiff states he suffered extreme trauma and mental distress, resulting in the eventual loss of his home and business and in him becoming homeless. *Id.*, at 21-22.

Plaintiff's complaint asserts claims for excessive use of force, false arrest, unlawful imprisonment, and malicious prosecution resulting in violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id.*, at 24. He seeks both injunctive relief and compensatory and punitive damages. *Id.*, at 31. Plaintiff's claims for excessive use of force, false arrest and unlawful imprisonment were previously dismissed as against defendants Donald, Hazen, Hendrichsen, Smith, Duncan, and Watkins, as barred by the statute of limitations. *See* Dkt. 34. Defendants now move for summary judgment dismissing the remaining claims against them for malicious prosecution. Dkt. 65.

## DISCUSSION

Summary judgment is supported "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure (FRCP) 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute concerning a material fact is presented when there is sufficient evidence for a reasonable jury to

---

[1] Defendant Toynbee has moved separately for summary judgment dismissing the claims against him. Dkt. 74. That motion is addressed in a separate report and recommendation.

return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

When the Court considers a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Id.,* at 255. Yet the Court is not allowed to weigh evidence or decide credibility. *Anderson v. Liberty Lobby, Inc.*, at 255. If the moving party meets their initial burden, an adverse party may not rest upon the mere allegations or denials of his pleading; his or her response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(e)(2). The Court may not disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015).

In response to the motion for summary judgment, the nonmoving party is required to present specific facts, and cannot rely on conclusory allegations. *Hansen v. U.S.,* 7 F.3d 137, 138 (9th Cir. 1993). The court must determine whether the specific facts that are presented by the non-moving party, considered along with undisputed context and background facts, would show that a rational or reasonable jury might return a verdict in the non-moving party's favor based on that evidence. *Emeldi v. University of Oregon,* 698 F.3d 715, 728-29 (9th Cir. 2012).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the conduct complained of was committed by a person acting under color of state law, and (b) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

1   *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

2   alleged wrong only if both of these elements are present. *See Haygood v. Younger*, 769 F.2d

3   1350, 1354 (9th Cir. 1985).

4   **A.    Malicious Prosecution**

5       Defendants move for summary judgment with respect to plaintiff's remaining claims of

6   malicious prosecution.

7       **1.    Defendants Donald, Hazen, Duncan, and Watkins**

8       Defendants Donald, Hazen, Duncan, and Watkins, move for summary judgment on the

9   grounds that there is no evidence they participated in the charging or prosecution of the plaintiff

10  and, thus, no evidence to sustain a claim of malicious prosecution against them. Dkt. 65.

11      Plaintiff does not oppose this branch of defendants' motion and, in fact, concedes that

12  these defendants should be "released" from the case.[2] Dkt. 77, at 6. Accordingly, defendants'

13  motion for summary judgment should be granted with respect to defendants Donald, Hazen,

14  Duncan, and Watkins, and the Court should dismiss the malicious prosecution claims against

15  them with prejudice.

16      **2.    Defendants Hendrichsen and Smith**

17      Defendants also move for summary judgment dismissing the malicious prosecution

18  claims against defendants Hendrichsen and Smith on the grounds that plaintiff cannot overcome

19  the presumption of prosecutorial independence. Dkt. 65, at 8-9. Defendants also contend that

20  plaintiff fails to allege, or present evidence, that any officer acted to prosecute plaintiff for

21

22  [2] In support of the motion defendants submits the declarations of defendant Duncan, who states he was not present at the arrest or otherwise involved in plaintiff's prosecution, and defendant Donald, who states his only involvement in the matter was to transport plaintiff to the jail in his patrol car. Dkts. 68, 69. Defendants also submit the declarations of defendant Hazen and Watkins which acknowledge involvement in plaintiff's arrest but do not indicate that they witnessed plaintiff kick defendant Smith. Dkts. 66, 71.

23

24

25

REPORT AND RECOMMENDATION - 5

1    purposes of denying him equal protection or any other constitutional right. *Id.* Defendants also

2    argue they are entitled to qualified immunity. *Id.*

3            In a § 1983 action for malicious prosecution, "it is presumed that the prosecutor filing the

4    complaint exercised independent judgment in determining that probable cause for an accused's

5    arrest exists at that time." *Newman v. County of Orange*, 457 F.3d 991, 993 (9th Cir. 2006). This

6    immunizes police officers from liability for malicious prosecution unless a plaintiff can rebut this

7    presumption. *Id.*

8            To rebut this presumption a plaintiff must present evidence that "shows that officers

9    interfered with the prosecutor's judgment in some way, by omitting relevant information, by

10   including false information, or by pressuring the prosecutor to file charges." *Id.*, at 995.

11   Plaintiff's own differing "account of an incident ... cannot, by itself, serve as evidence that

12   officers interfered with the prosecutor's decision." *Id.* Evidence of inconsistent police accounts

13   will suffice as evidence of the inclusion of false information, as will an inconsistent account by

14   an independent witness. *Id.*, at 994-95. However, the inconsistencies must be "material" in order

15   to rebut the presumption of independent judgment. *Id.*, at 996.

16           Here, plaintiff alleges defendants falsely informed the prosecutor that plaintiff had kicked

17   defendant Smith; plaintiff asserts that instead, one of the defendant police officers intentionally

18   poked plaintiff's foot causing his leg to reflexively make contact with defendant Smith. Dkt. 4;

19   Dkt. 77, at 4. Plaintiff contends defendants then used this contact as a pretext to arrest him. *Id.*

20   Yet plaintiff's own differing account of the incident cannot, on its own, suffice as evidence that

21   the defendants interfered with the prosecutor's decision.

22           Plaintiff also points out that only defendants Smith's and Hendrichson's declarations

23   state that plaintiff kicked defendant Smith and that none of the other defendants involved in the

24

25

arrest indicate they witnessed the kick.[3] Dkt. 77, at 4. It is true that the other two officers

involved in the arrest, defendants Hazen and Watkins, do not state that they personally witnessed

the plaintiff kick defendant Smith. Dkts. 66, 71. However, defendants Watkins and Hazen do

both state that they witnessed plaintiff resisting all four of the police officers' efforts to arrest

him by "tensing" his body and "pulling his arms into his chest to resist being cuffed." Dkts. 66,

71. Defendant Hazen also states in his declaration that he interviewed a witness, Derek Holman,

after the arrest who indicated he witnessed the plaintiff kick defendant Smith and "that it looked

intentional." Dkt. 71. Read in context, the fact that defendants Hazen and Watkins do not state

that they witnessed the alleged kick reflects simply that, that they did not personally witness the

kick. The Court should find this is not a material inconsistency or omission sufficient to rebut the

presumption of the prosecutor's independent judgment.

Plaintiff also alleges the defendants conspired with defendant Toynbee to bring false

charges against him; yet plaintiff offers no evidence or facts to support this allegation. Dkt. 4, at

29-30. This conclusory allegation is insufficient to create a genuine issue of material fact and

preclude summary judgment. *Hansen v. U.S.,* 7 F.3d 137, 138 (9th Cir. 1993).

In sum, plaintiff presents no evidence establishing a genuine issue of material fact as to

whether defendants omitted relevant information, included false information, pressured the

prosecutor to file charges, or otherwise interfered with the prosecutor's judgment in some way.

Thus, summary judgment is proper because there is no evidence upon which a reasonable jury

could find the presumption of prosecutorial independence rebutted.

---

[3] The Court also notes that while plaintiff challenges what he views as inconsistencies in the declarations submitted in support of defendants' motion for summary judgment, he does not address what evidence was or was not relied upon by the prosecutor in determining probable cause existed for plaintiff's arrest at the time.

1    Even if plaintiff could rebut the presumption of independent judgment by the prosecutor,

2  he otherwise fails to state a claim of malicious prosecution under § 1983. In order to prevail on a

3  § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted

4  [him] with malice and without probable cause, and that they did so for the purpose of denying

5  [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68

6  F.3d 1180, 1189 (9th Cir. 1995). The Court is required to construe a pro se litigant's pleadings

7  liberally. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982). Here, plaintiff has not presented any

8  evidence or facts, beyond conclusory assertions or speculation, to raise a genuine issue of

9  material fact as to whether any officer acted to prosecute the plaintiff for the purpose of denying

10  him equal protection or any other constitutional right. [4] Such conclusory assertions are

11  insufficient to create a genuine dispute of fact. *Hansen v. U.S.,* 7 F.3d 137, 138 (9th Cir. 1993).

12    Because the Court finds summary judgment in favor of the defendants on plaintiff's

13  malicious prosecution claim is appropriate on these bases, the Court need not reach defendants'

14  arguments with respect to qualified immunity.

15  **B.    Supplemental Jurisdiction**

16    The Court notes that in opposition to defendants' motion for summary judgment plaintiff

17  cites the legal standard for a bringing a malicious prosecution claim under state law in addition to

18  various Washington State court cases. *See* Dkt. 77.

19    A district court may exercise supplemental jurisdiction over state law claims arising from

20  the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio,*

21  *Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)); *Artis v. District of*

22

23  [4] The Court notes that plaintiff does offer speculation that defendants may have targeted him because he
was black, poor, homeless, and mentally ill but offers no facts or evidence to support this contention. Dkt.
24  4, at 29; see also Dkt. 82, at 5.

25

REPORT AND RECOMMENDATION - 8

*Columbia*, 138 S.Ct. 594, 598-99 (2018). However, "the federal court should decline the exercise of jurisdiction" when "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *see also* 28 U.S.C. § 1367(c).

At this point, the Court has recommended that all of plaintiff's federal claims be dismissed. Accordingly, to the extent plaintiff attempts to raise malicious prosecution claims under state law, the Court should decline to exercise supplemental jurisdiction over such claims and dismiss those claim without prejudice.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends the Court grant defendants' motion for summary judgment and dismiss plaintiff's malicious prosecution claims under § 1983 against defendants Ryan Donald, Jonathan Hazen, Eric Hendrichsen, Dan Smith, Dan Duncan, and Jason Watkins, with prejudice. To the extent plaintiff alleges state law claims for malicious prosecution, the undersigned also recommends that the Court decline to exercise supplemental jurisdiction over such claims and that they be dismissed without prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **June 28, 2019**, as noted in the caption.

Dated this 7th day of June, 2019.

Theresa L. Fricke
United States Magistrate Judge